Submitted December 22, 2009, affirmed June 16, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONTAE EUGENE MATHIS,
*Defendant-Appellant.*

Marion County Circuit Court
07C50407; A138463

234 P3d 150

Peter Gartlan, Chief Defender, and Bronson James, Chief Deputy Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

PER CURIAM

* Brewer, C. J., *vice* Edmonds, P. J.

## PER CURIAM

Defendant was convicted of tampering with a witness, among other crimes. On appeal, defendant contends that the trial court erred in denying his motion for a judgment of acquittal as to witness tampering because, at the time that he attempted to induce the witness to lie to the district attorney, there was no "official proceeding" pending. *See* ORS 162.285(1) ("A person commits the crime of tampering with a witness if: (a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony[.]").

Defendant's argument is foreclosed by *State v. Bailey*, 346 Or 551, 564, 213 P3d 1240 (2009), in which the court held that, "when ORS 162.285(1)(a) defines witness tampering in terms of tampering with a person who the defendant 'believes may be called as a witness in any official proceeding,' *it includes tampering that occurs at a time when no official proceeding is pending*." (Emphasis added.) In this case, based on the evidence in the record,[1] a factfinder could reasonably infer that defendant made threats to the witness that were intended to induce her to lie in defendant's soon-to-be-commenced criminal prosecution. Accordingly, the trial court did not err in denying defendant's motion for a judgment of acquittal on the witness tampering charge. *Id.*

Affirmed.

---

[1] The record includes evidence that defendant was worried about the witness's "upcoming meeting with the D.A. that was assigned to the case" in advance of a grand jury proceeding, and that defendant attempted to induce the witness to provide the district attorney with a false version of events.